For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., O'BRIEN and McLAUGHLIN, JJ., concurred; INGRAHAM, J., concurred in result.

Order affirmed, with ten dollars costs and disbursements.

---

THE CITY TRUST, SAFE DEPOSIT AND SURETY COMPANY OF PHILADELPHIA, Respondent, *v.* THE WILSON MANUFACTURING COMPANY, Appellant, Impleaded with WILLIAM W. TUCKER.

58  271
62  503

*Motion for a new trial — the granting of a rehearing of a motion is discretionary — objection that a foreign corporation may not act or sue in the State of New York — indemnity by it of a surety in an undertaking on appeal.*

A motion for a new trial of a case tried before the court without a jury cannot be made upon exceptions taken on the trial.

The disposition of an application for a rehearing of a motion rests within the discretion of the court.

The objection that a plaintiff, a foreign corporation, had not complied with the statutes entitling it to transact business in the State of New York, or to maintain an action therein, is not available for the first time upon an appeal from a judgment in favor of the plaintiff.

In the absence of evidence as to its powers, the court will not assume that a manufacturing corporation, organized under the laws of West Virginia, had no power to execute a bond which indemnified the surety upon an undertaking given on an appeal taken by a third party.

APPEAL by the defendant, The Wilson Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of June, 1900, upon the decision of the court rendered after a trial at the New York Trial Term before the court without a jury, and also from an order entered in said clerk's office on the 6th day of June, 1900, denying said defendant's motion for a rehearing and for a new trial made upon exceptions.

*Edward Swann,* for the appellant.

*William S. Ray,* for the respondent.

RUMSEY, J.:

So far as the motion for a new trial in this case was made upon the exceptions, we are not aware of any authority permitting it where the case has been tried before the court without a jury, and, therefore, that order must be affirmed.   So far as it is a motion for a reargument it is purely within the discretion of the judge.   But all the points upon which the appellant bases its claim for a reversal of this judgment are fairly presented by the exceptions taken to the decision of the court and upon the trial.   The plaintiff is a foreign corporation organized under the laws of Pennsylvania, and engaged in the business of executing and issuing bonds and undertakings. The Wilson Manufacturing Company, which alone appeals, is a foreign corporation organized under the laws of West Virginia.   On the 21st of June, 1898, the plaintiff executed a bond to secure an appeal taken by the Mogul Manufacturing Company from a judgment against it.   To induce the plaintiff to make that bond the defendant corporation and another person executed a bond of indemnity to save the plaintiff harmless against all loss, damages, charges, and expenses to which it should be put by reason of its execution of the appeal bond.   The judgment appealed from was affirmed, and the plaintiff, in accordance with the terms of its bond, paid a very considerable sum of money, and it is to recover that amount that it brings this action against the indemnitors.   The corporation defendant alone appeals from the judgment.

Two objections are taken to the recovery.   In the first place it is said that the plaintiff, being a foreign corporation engaged in the business of insurance, is forbidden by law from transacting any business in this State until it has filed a certified copy of its charter in this State.   (Insurance Law, § 29, chap. 690 of the Laws of 1892.) By section 1779 of the Code of Civil Procedure, a foreign corporation is forbidden to maintain an action in this State founded upon an act or upon a liability arising out of, or made and entered into in consideration of an act which the laws of this State forbid a corporation to do without express authority of law.   This point was not raised by the pleadings nor was it made upon the trial, and for this reason we think it is not available to the appellant upon this appeal.   If the point had been made it is quite likely that the plaintiff would have shown that it had complied with the statute in all respects.

The second point is that the contract of the appellant is *ultra vires*, the allegation being that the defendant was a foreign corporation organized under the laws of West Virginia, and that by the statutes of that State it is not authorized to make such a bond as this is. While it appears that the defendant is a foreign corporation, organized under the laws of West Virginia, there is no evidence whatever as to the powers which it has by virtue of its organization in that State, and we cannot, for the purpose of overthrowing this judgment, assume that the act which it has seen fit to do is forbidden. The fact that it calls itself a manufacturing corporation is not conclusive upon the subject. The powers of corporations are now so extensive, and include so many objects arising indirectly out of the apparent purposes for which they are organized, that it is difficult to say in any given case that a business act is not within the powers of a business corporation.

For these reasons the judgment and order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.