James O. Sebring, Plaintiff, *v.* The Globe and Rutgers Fire Insurance Company of the City of New York, Defendant.

Supreme Court, Steuben County, July 27, 1928.

**Pleadings — judgment on pleadings — prior motions for summary judgment or in alternative to strike out certain portions of answer were decided adversely to plaintiff — Appellate Division affirmed decision of lower court — supplemental complaint was served and answer substantially same as original answer was interposed — present motion is for judgment on pleadings or, in alternative, to strike out parts of answer — present motion denied since prior motions were same and have been decided.**

The plaintiff brought an action on a fire insurance policy and after the answer was interposed moved for summary judgment, or, in the alternative, for an order striking out certain portions of the answer as irrelevant. That motion was denied in an order which recited that the plaintiff's motion in each and every part was denied. On appeal to the Appellate Division, the order was affirmed and a motion for leave to appeal to the Court of Appeals was denied as was also a motion for reargument in the Appellate Division. Thereafter a supplemental complaint was served and an answer interposed to it which is in substance the same as the original answer. The present motions for judgment on the pleadings, or, in the alternative, to strike out parts of the answer, is denied, since it appears that it was previously decided, and even though, as contended by the plaintiff, he did not argue for all the relief demanded in the original motion, the Appellate Division on the motion for rehearing must be considered as having passed on all questions presented by the original motion, and in denying the motion for reargument must be considered to have denied the entire motion.

Motions by plaintiff for judgment on the pleadings or to strike out answer or certain of its allegations.

*James O. Sebring,* plaintiff in person.

*Cheney & Costello,* for the defendant.

Thompson, J. These are plaintiff's motions for judgment on the pleadings, or, in the alternative, to strike out parts of the answers. Defendants claim that the motions have been made and decided before.

When plaintiff's barn burned, it was covered by insurance in five companies; all refused to pay, whereupon he sued each in a separate action; they appeared by the same attorney and filed identical answers. Plaintiff then moved for summary judgment under rules 113 and 114 of the Rules of Civil Practice on the ground " that there is no defense to the action and that the said answer so interposed is a sham " (Rule 104), or if that relief was denied, then for an order striking out certain portions of the

answer as " irrelevant, redundant and scandalous " (Rule 103), " and for such other, further, additional and proper order and relief as shall be just and proper." These motions were denied by orders dated January 30, 1928, in which the various grounds of the motion as above stated were recited, and which adjudged and directed " that the plaintiff's said motion and each and every part thereof is hereby denied." On appeal to the Appellate Division the orders were affirmed. (224 App. Div. 695.)

Immediately after the decision in the Appellate Division, plaintiff made an application to that court for leave to appeal to the Court of Appeals, and, failing this, he promptly moved for a reargument of the appeals; this also was denied. (224 App. Div. 700; Id. 781.) In his affidavit in support of the motion for a reargument, among other things, we find, " upon the motions the court granted orders denying all the relief sought, except that prayed for in the third subdivision, that is, the further extending the time beyond twenty days," and again, " because of his confidence in the reversal of the orders upon the ground that upon the papers being presented to the Special Term he was entitled to summary judgment, he neglected to present to the Appellate Division the other questions involved upon the appeal." Then the affidavit goes into considerable detail of recital and description of the defects claimed to be contained in the answers. After the affirmance of the Special Term orders, the refusal of the Appellate Division to grant leave to appeal to the Court of Appeals, and the denial of the motion for reargument, plaintiff made a motion at Special Term for permission to make and serve a proposed " amended and supplemental complaint," which was granted. These complaints have been served, and are now the complaints in the case. Answers have been interposed to them, and motions are now directed to these answers, which, so far as concerns us here, are in the same form as were those upon which the Special Term and Appellate Division have passed.

Upon the argument plaintiff insisted as matter of fact that the learned justice at Special Term only decided that part of the motion which prayed for summary judgment, and that he, plaintiff, on submission, both at Special Term and in the Appellate Division confined himself and his argument solely to that question. I am unable to see how any consideration can be given to these suggestions. Plaintiff at no time withdrew the parts of the motion upon which he now insists he did not proceed, nor did he apply for permission to do so. Neither did he apply for leave to renew or for a rehearing. (*City Trust, Safe Deposit & Surety Co.* v. *Wilson Mfg. Co.*, 58 App. Div. 271.) On the contrary, he appealed from the orders, thereby waiving his right to this relief. (*Peel* v. *Elliott,*

16 How. Pr. 483.) But the motion for a reargument of the appeals from the orders in the Appellate Division was equivalent to motions at Special Term for a rehearing of the motions or for leave to renew. And the denial of that motion plainly signifies that the Appellate Division had already examined and decided every question found in the record. So it is that this·court and the parties to these actions are concluded by the record before us, which, for the purposes of these motions, includes not only the papers and decisions on the appeals, but the papers and decisions on the motions made thereafter. A careful reading and consideration of the whole of this record clearly shows that the Appellate Division has already considered and passed upon every question raised by the notice of motion here before us, possibly excepting the objections urged under rule 90 of the Rules of Civil Practice. Upon examination of plaintiff's challenge to the answers under rule 90, and upon due consideration, it does not seem that the alleged defects are of sufficient moment to move the court to strike out the allegations in which it is claimed they are found. The defects, if there be such, go to the form and not to the substance and cannot possibly work injustice against plaintiff or prejudice him in any of his rights.

The motions are denied, with costs.

So ordered.