LIEVENSE *v.* UNEMPLOYMENT COM-PENSATION COMMISSION.

1. WORDS AND PHRASES—IS—FUTURITY.
   The word "is" should not be construed as meaning "shall be"' unless the context, the whole situation and rules of construction require it.

2. CONSTITUTIONAL LAW—DELEGATION OF POWER BY STATE TO FEDERAL CONGRESS OR AGENCY.
   A State statute enacting that future acts of congress or rulings by Federal authorities could change the liability of an individual under the State statute would, to that extent, be an unconstitutional delegation of legislative authority to congress or some Federal authority.

3. SAME—CONSTRUCTION OF STATUTES—PRESUMPTIONS.
   Statutes will be presumed constitutional where they may be construed in either of two ways, one of which is consistent with constitutionality.

4. UNEMPLOYMENT COMPENSATION—REFERENCE TO FEDERAL ACTS—CONSTRUCTION OF STATUTES.
   · Provision of State unemployment compensation act that "services performed for an employing unit, with respect to which

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 11 Am Jur, Constitutional Law § 219.
[2, 3] Adoption by or under authority of State statute without specific enactment or re-enactment of prospective Federal leg--islation or Federal administrative rules as unconstitutional delegation of legislative power. 133 ALR 401.
[3, 4] 11 Am Jur, Constitutional Law § 97.
· [4] 50 Am Jur, Statutes §§ 36–38.

such employing unit *is* liable for any Federal tax * * * shall be deemed to constitute employment * * * to the extent * * * to which such Federal tax *is* payable" is a valid enactment when construed as adopting by reference the Federal laws and constructions thereof in existence when the State act was enacted (CL 1948, § 421.42 [7]).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted October 16, 1952. (Docket No. 50, Calendar No. 45,429.) Decided December 9, 1952.

Certiorari by Benjamin H. Lievense to review order of Appeal Board of Unemployment Compensation Commission relating to assessments. Judgment of Appeal Board reversed. Defendant Unemployment Compensation Commission appeals. Reversed and remanded.

*Robinson, Robinson & Robinson,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *John J. Long,* Assistant Attorney General, for Unemployment Compensation Commission.

Reid, J. The defendant commission, on October 22, 1948, issued a determination that plaintiff was at a time therein stated, an employer within the provisions of the Michigan unemployment compensation act [Michigan employment security act], CL 1948, § 421.1 *et seq.* (Stat Ann 1950 Rev § 17.501 *et seq.*), and made a determination of liability from which an appeal was taken to a referee. The referee on March 3, 1949, affirmed the commission's determination. On appeal to the appeal board of the commission, that board on August 30, 1949, affirmed the decision of the referee. The decision of the board was reviewed by the circuit court on certiorari proceedings. The circuit court on December 15, 1951, reversed the de-

cision of the appeal board. The circuit court held that subsection (7) of section 42 of the act, CL 1948, § 421.42 (Stat Ann 1947 Cum Supp § 17.545), was an unlawful delegation of legislative power by the State legislature to congress and therefore unconstitutional.

Before the circuit court, plaintiff acknowledged his liability under the act if said section 42, subs 7 is held to be constitutional. We need therefore consider only the constitutionality of said section 42, subs 7.

Section 42, subs 7 was as follows, as the section stood at the period in question:

"Notwithstanding the provisions of subsection (6) of this section, any services performed for an employing unit, with respect to which such employing unit is liable for any Federal tax against which credit may be taken for contributions required to be paid into a State unemployment compensation fund, shall be deemed to constitute employment for the purposes of this act, but only to the extent that such services constitute employment with respect to which such Federal tax is payable."

The trial judge so construed section 42, subs 7 as to make Federal enactments or interpretations enacted or adopted after the enactment of said section 42, subs 7, to affect future liability of employers under the Michigan statute. It would seem the trial judge construed the words, "is liable" to mean, is or shall hereafter become liable under future acts; the words "is payable" to mean, is now payable or shall hereafter be made payable by future acts of congress or future interpretations of acts of congress.

We note that the word "is" sometimes is construed to include the meaning "shall be;" but this of course is exceptional and evidently depends on the context, the nature of the whole situation, and the rules of construction. For cases where "is" has been construed to include futurity, see *Hammond* v. *Bucha-*

*nan,* 68 Ga 728, 731; *Providence & Worcester R. Co.*
v. *Yonkers Fire Ins. Co.,* 10 RI 74, 77; *King Arthur
Restaurant* v. *London Terrace, Inc.* (NYSup), 73
NYS2d 663, 664, and other cases cited in 22
Words and Phrases, 686, and 22 Words and Phrases
Supp 190.

If the trial judge is correct in his construction of
section 42, subs 7, and if consequently the legisla-
ture is to be considered as intending to enact that
future acts of congress or rulings by Federal au-
thorities could. change the liability of a Michigan
employer, then the Michigan act in question would to
that extent be an unconstitutional delegation of
legislative authority to congress or some Federal
authority. *Minor Walton Bean Co.* v. *Unemploy-
ment Compensation Commission,* 308 Mich 636, 653,
654.

"Even if the law could be construed in two ways,
one consistent with the constitutionality, and the
other inconsistent therewith, the former will be con-
sidered as the one presumptively intended by the
legislature." *People* v. *Dubina,* 304 Mich 363, 369
(145 ALR 886). See cases there cited.

Following the rule just cited from *People* v. *Du-
bina,* we construe the words in section 42, subs 7, "is
liable" and "is payable," to mean liable and payable
as the Federal law stood enacted and construed, at
the time said section 42, subs 7 of the Michigan stat-
ute was enacted.

As thus considered, we find section 42, subs 7, a
valid enactment, adopting by reference the Federal
laws and constructions thereof in existence when the
Michigan act was enacted.

The judgment of the trial court is reversed. The
case is remanded to the trial court with instructions
to enter judgment in accordance with this opinion,
and to remand the matter to the defendant commis-

sion for such further action as shall be found necessary.  Costs to defendants.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.