Abraham J. Gellinoff, J.
This is a motion by Art Dealers Association of America, Inc. and various art dealers to enjoin defendant, Commissioner of Public Markets of the City of New York, from enforcing against them a regulation, promulgated July 28, 1965, which reads: 1 ‘ Any commodity, whether edible or inedible, sold, exposed for sale or offered for sale at retail, shall have conspicuously, plainly and clearly displayed the price per unit of weight, dry or liquid measure, or numerical count by a stamp, tag, or label or by a sign at the point of display. ’ ’
Plaintiff association was organized to promote the interests, of those engaged in the business of dealing in works of fine art and for related purposes. Each of the other plaintiffs is engaged in the business of operating an art gallery at which paintings, sculptures, drawings and other works of art are sold, exposed for sale and offered for sale.
The powers of the respondent are defined in section 833 of the New York City Charter as follows: “The commissioner shall have the powers of a commissioner of public markets under the agriculture and markets law, except that the construction and repair of building’s and structures under his jurisdiction shall be carried out by the department of public works, and shall enforce all laws in relation to weights and measures.”
Section 261 of the Agriculture and Markets Law gives the Commissioner of Public Markets in any city power, charge and control of the construction, repair, maintenance and management of all public markets, market places and market lands of such city and of all buildings and structures and facilities therein ■ of fixing fees for services, licenses and privileges and of renting space therein; of making rules for such public markets, market places and market lands; of granting and revoking licenses to auctioneers of food in such markets and offering a schedule of commissions to be charged by autioneers; of grant *24 ing, transferring or revoking permits to buy or sell in such market or upon such market places or lands; of investigating complaints in relation to the shipment of food to a public market and, in the City of New York, of leasing of the Bronx Terminal Market and power house.
The term “ market ” as used in the Agriculture and Markets Law is defined, in section 259 thereof, to mean “ any building, structure or place, the property of a city or under lease to or in the possession of a city, used or intended to be used as a public market for the buying, selling or keeping for sale of food, flowers or ornamental plants, or any part of a street, avenue, parkway, plaza, square or other public place assigned to or set apart by law or ordinance or other competent authority to be used for such purpose. ” Section 269 of the statute authorizes the Commissioner to make rules for the regulation of vehicles, including push carts, from which “ market produce ” shall be sold. “ Market produce ” is defined in section 259 as including food, flowers and ornamental plants.
It is clear that the business conducted by plaintiff art dealers do not involve public markets owned or leased or in the possession of the city or vehicles, including push carts, from which “market produce” is sold, and that the works of art sold by plaintiff dealers are not food, flowers or ornamental plants.
It follows that the only portion of section 833 of the New York City Charter, which could possibly empower respondent to require price tags, labels or stamps is the provision which authorizes him to “ enforce all laws in relation to weights and measures ”. The laws relating to weights and measures are contained in sections 176 and 197 of the Agriculture and Markets Law and sections 833-5.0 and 833-22.0 of the Administrative Code of the City of New York. The only section of the Agriculture and Markets Law which authorizes the Commissioner to require display of the price is subdivision 4 of section 193, which relates solely to ‘ ‘ food and food products which are packaged or wrapped by the retailer in advance of being exposed or offered for sale ’ ’. The only sections of the Administrative Code which provide for the posting of a price are subdivision e of section B36-10.0 which requires ice dealers to display a price list, and subdivision a of section B36-103.0, which relates only to sellers of gasoline.
No provision of either the Agriculture and Markets Law or of the Administrative Code empowers the Commissioner to require the display of prices for articles other than prepackaged food and food products, ice and gasoline. The fact that the State and city legislative bodies authorized the Commis *25 sloner to require the posting of prices in only the specific instances referred to above is a strong indication that the Commissioner was not intended to have that power as to other products.
Furthermore, the power of the Commissioner to “ enforce all laws in relation to weights and measures ” clearly has no application to articles such as fine works of art, which are not sold by weight or measure but according to the merits and quality of each separate painting; sculpture, etc.
The Corporation Counsel, representing the Commissioner, has failed to cite any authority for the regulation here under attack as applied to art dealers. The case of People v. Arlen Serv. Stations (284 N. Y. 340), referred to in the Commissioner’s opposing affidavit, is clearly inapplicable here. In that case, the requirement that the price of gasoline be posted was contained in a local law adopted by the city’s legislative body. The power of the Commissioner, without such a legislative enactment, to require price posting on his own initiative was not involved. As the Court of Appeals pointed out in Matter of Picone v. Commissioner of Licenses (241 N. Y. 157, 162); “ Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be.”
It is unnecessary for the purposes of the present motion to determine whether the entactment of the Commissioner’s regulation exceeded his powers as to products other than works of art, for plaintiffs would not be aggrieved by the application of the regulation to such other products. It is likewise unnecessary, a fortiori, to determine whether even the Legislature could constitutionally require the posting of prices in the case of objects of fine art. It is sufficient for the decision of the instant application to hold that the Commissioner himself did not have the power to require the posting of prices in connection with the sale of works of art such as those sold- by plaintiff dealers.
A brief submitted amicus curia by the Congress of Racial Equality clearly indicates that its purpose was to defend the regulation as to articles offered for sale to the poor. Point IV of their brief makes it evident that the Congress of Racial Equality has no concern if the court holds that the regulation does not apply to works of art.
The motion is granted to the extent of enjoining respondent from enforcing the regulation as to plaintiffs.