Nathaniel T. Helman, J.
Plaintiffs commenced this action to declare what has become known as the “ unit pricing law ” invalid. The law is actually regulation 49 of the New York City Department of Consumer Affairs, as amended September 26, 1969, promulgated by the defendant Commissioner of Consumer Affairs.
Upon application to this court, a motion for a preliminary injunction staying enforcement of the regulation was granted by Mr. Justice .Saypol (dated April 15, 1970).
Plaintiffs now move for summary judgment upon the ground that as a matter of law, the defendant does not possess the requisite authority to promulgate such a regulation and further, that it is invalid as in conflict with State law (Agriculture and Markets Law, § 193).
Local Law No. 68 of the Local Laws of 1968 of the City of New York created the Department of Consumer Affairs by adding chapter 64 to the New York City Charter. Section 2203 thereof describes the powers of the Commissioner which are, in pertinent part as follows:
“(b) The commissioner shall enforce all laws in relation to weights and measures.”
“(e) The commissioner * * * shall be authorized * * * to promulgate, amend, and modify rules and regulations necessary to carry out the powers and duties of the department. ’ ’
*551 It is thus clear that the defendant’s rule making and regulatory powers are limited to statutes in existence. The defendant does not have the authority to enter a new field uncharted by legislative enactment (Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157).
It is defendant’s contention that her studies indicated “ that full effectuation of the policy established by weights and measures laws required the marking of the unit prices on certain enumerated product categories.” Such authority could only come from subdivision (e) of section 2203 and section 1105 of the charter. The power to enforce ‘1 all laws in relation to weights and measures ” (§ 2203, subd. [b])' can only relate to existing laws, and any arrogation by the Commissioner of the power to implement such statutes by new regulation, would involve an assumption by her of legislative power not authorized by the statute. That provision, of subdivision (e) of section 2203 which speaks of the power to ‘ ‘ promulgate, amend and modify ’ ’ is preceded by language limiting such power to the “ performance of said functions ” (referring to the rights of enforcement, licensing and general programming set forth in subdivisions (a), (b), (c) and (d) of the same section.
It is to be noted that the State and city legislative bodies have enacted statutes requiring unit pricing only in two specific instances involving the sale of ice and gasoline (Administrative Code of City of New York, § B36-10.0, subd. e and § B36-103.0, subd. a respectively; see Agriculture and Markets Law, § 193, subd. 4). The failure of the legislative bodies to affirmatively provide for general unit pricing must be deemed as a strong indication their intent not to require same (Art Dealers Assn. of Amer. v. Pacetta, 48 Misc 2d 22).
The court regards the provision of article 16 of the Agriculture ' and Markets Law as restrictive of the authority of the City of New York to engage in legislative efforts in preventing deception as to weights and measures. Notwithstanding some views to the contrary expressed in other proceedings, a statute granting a local legislative body authority to regulate the same subject matter as the State, should be broadly construed, so as to deny pre-emption to the State unless such intent is clearly expressed. (Grossman v. Baumgartner, 17 N Y 2d 345.) Deceptive practices as to weights and measures may vary in different localities within the State, and the consumer problems in that broad area in the City óf New York may well be different from other parts of the State. It is only when standardization of units of weight or measure is required for State uniformity that pre-emption becomes necessary. Subdivision 24 of section 16 *552 of the Agriculture and Markets Law speaks “ co-operat[ion] with local health departments and departments of markets ’ ’ to prevent fraudulent offerings. Subdivision 2 of section 193 deals with wholesalers, while regulation 49 is concerned with retailers.
In Adler v. Deegan (251 N. Y. 467, 486) the court said: “ The concern of the State to protect the health and welfare of its inhabitants may not stand in the way of action by the city consistent with the ends envisaged by the State, but adding greater safeguards with reference to related ends that are municipal or urban. ’ ’
The court is not, at this time, making any determination as to the reasonableness of requiring unit pricing. In fact, the court feels that under the conditions faced by the consumer in today’s markets, there is a necessity to enact this type of legislation in order to protect and inform the public, and the efforts of the Commissioner are to be commended.
However, the suggested programs for consumer protection can only be effectuated by the initiation of new legislation by the city within the scope and meaning of existing State laws, and not by the medium of administrative fiat.
Accordingly, the court is constrained to grant the motion for summary judgment.