PEOPLE v. DE SILVA

1. CONSTITUTIONAL LAW—DELEGATION OF AUTHORITY—ADMINISTRA-
TIVE LAW.

A legislative body, after declaring a policy and fixing a primary
standard, may confer upon an administrative agency the power
to make and effectuate rules and regulations to promote the
purpose and spirit of the enacted legislation.

2. OFFICERS—DIRECTOR OF DEPARTMENT OF AGRICULTURE—WEIGHTS
AND MEASURES.

The Director of the Department of Agriculture is, by the
legislative authorization, the Director of Weights and Measures
(MCLA §§ 285.1, 290.606).

3. CONSTITUTIONAL LAW—DELEGATION OF AUTHORITY—RE-DELEGATION
OF AUTHORITY—WEIGHTS—MEASURES.

The authority to determine "incorrect measuring devices"
statutorily delegated to the National Bureau of Standards
was not re-delegated to a private agency, even though the
National Bureau of Standards adopts the specifications, regu-
lations, and tolerances for measuring devices determined by
the National Conference on Weights and Measures, because
the specifications become part of the Bureau of Standards'
regulations, not automatically because of the adoption by

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Administrative Law § 100 et seq.
[2] 56 Am Jur, Weights, Measures and Labels §§ 14, 15.
[3, 4] 2 Am Jur 2d, Administrative Law § 221 et seq.
[3, 4, 7] 56 Am Jur, Weights, Measures and Labels § 6 et seq.
[5] 16 Am Jur 2d, Constitutional Law § 181 et seq.
[6, 7] 50 Am Jur, Statutes § 458 et seq.
Adoption by or under authority of state statute without specific
  enactment or re-enactment of prospective Federal legislation or
  Federal administrative rules as unconstitutional delegation of
  legislative power, 133 ALR 401.

the conference, but as a result of the approval of the bureau; the bureau is assumed to have exercised its judgment as to the propriety of giving its approval (MCLA § 290.608).

4. WEIGHTS AND MEASURES—STATUTES—CONSTITUTIONAL LAW—DELEGATION OF AUTHORITY.

The statute requiring that the specifications, tolerances and regulations for weighing and measuring devices enacted by the Director of the Department of Agriculture should conform to the standards of the National Bureau of Standards is not invalid as an impermissible re-delegation of legislative power even though the bureau uses the specifications of the National Conference on Weights and Measures, because the conference's specifications must be approved by the bureau (MCLA § 290.608).

5. STATUTES—CONSTRUCTION—SEVERABILITY.

The invalidity of a portion of a statute does not affect the remaining portions or applications of the statute which can be given effect without the invalid portion, provided the remaining portions of the statute are not determined to be inoperable where such a construction is not inconsistent with the manifest intent of the legislature (MCLA § 8.5).

6. STATUTES—INCORPORATION OF FEDERAL LAW—EXISTING LAW—FUTURE LAW—CONSTITUTIONAL LAW.

Statutes which incorporate *existing* Federal statutes, rules, and regulations by reference are valid and constitutional; but statutes which adopt by reference *future* legislation and rules are unconstitutional.

7. WEIGHTS AND MEASURES—STATUTES—SEVERABILITY—EXISTING LAW—PROSECUTION—VALIDITY.

The statute providing that weights and measures conform to the specifications in the National Bureau of Standards' Handbook 44 and supplements, revisions, and superseding materials to Handbook 44 is severable; a prosecution based on a violation of a specification in Handbook 44 itself, as opposed to a revision or supplement is valid, because the handbook was in existence at the time it was incorporated into the weights and measures statute (MCLA §§ 8.5, 290.608).

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 March 31, 1971, at Detroit. (Docket No. 9829.) Decided April 23, 1971.

Manuel De Silva was convicted of violating the Weights and Measures Act of 1964 in Highland Park Municipal Court. Defendant appealed to Wayne County Circuit Court. Defendant's motion to dismiss granted. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Green, Green & Adams,* for defendant.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

J. H. GILLIS, P. J. Defendant, a gasoline service station operator, was convicted in Highland Park Municipal Court of violating the Weights and Measures Act of 1964, specifically of having in his possession for use an incorrect device for measuring retail sales of motor fuel, contrary to MCLA § 290-.608 (Stat Ann 1971 Cum Supp § 12.1081[8]) and MCLA § 290.631(a) (Stat Ann 1967 Rev § 12.1081 [31][a]). From this conviction defendant appealed to Wayne County Circuit Court, and filed a motion to dismiss. Defendant contended that he was convicted under a statute which was unconstitutionally vague in its determination of "incorrect" measuring devices and improperly delegated legislative power to the Michigan Department of Agriculture and the executive branch of the Federal government.

On March 26, 1970, the trial court granted defendant's motion to dismiss. The people's application for leave to appeal was granted on August 24, 1970.

It has traditionally been held that a legislative body, after declaring a policy and fixing a primary standard, may confer upon an administrative agency the power to make and effectuate rules and regulations to promote the purpose and spirit of the enacted legislation. *United States* v. *Grimaud* (1910), 220 US 506 (31 S Ct 480, 55 L Ed 563); *United States* v. *Shreveport Grain & Elevator Co.* (1932), 287 US 77 (53 S Ct 42, 77 L Ed 175); *Smith* v. *Wayne County Sheriff* (1936), 278 Mich 91, 95; Anno., 79 L Ed 474; 1 Davis, Administrative Law Treatise, § 2.07 (1958). The state Legislature created the Department of Agriculture[1] and authorized its director, by the very nature of his office, also to be the state Director of Weights and Measures.[2]

MCLA § 290.608 (Stat Ann 1971 Cum Supp § 12-.1081[8]) in pertinent part empowers that director to issue, from time to time, rules and regulations necessary to enforcement of the weights and measures act and that:

"These regulations shall include specifications, tolerances and regulations for weights and measures of the character of those specified in section 10, designed to eliminate from use, without prejudice to apparatus that conforms as closely as practical to the official standards, those that (1) are not accurate, (2) are of such construction that they are not reasonably permanent in their adjustment or will not repeat their indications correctly, and (3) facilitate the perpetration of fraud. The specifications, tolerances and regulations for commercial weighing and measuring devices, together with amendments thereto, *as recommended by the national bureau of standards and published in national bureau of standards handbook 44 and supplements thereto, or in*

---

[1] MCLA § 285.1 (Stat Ann 1967 Rev § 12.1).
[2] MCLA § 290.606 (Stat Ann 1967 Rev § 12.1081[6]).

*any publication revising or superseding handbook 44, shall be the specifications,* tolerances and regulations for commercial weighing and measuring devices of this state, except as specifically modified, amended or rejected by a regulation issued by the director. For the purposes of this act, apparatus shall be deemed to be 'correct' when it conforms to all applicable requirements promulgated as specified in this section; other apparatus shall be deemed to be 'incorrect'." (Emphasis supplied.)

The state Legislature has directed that the specifications, tolerances, and regulations for commercial weighing and measuring devices enacted by the director should conform to the specifications published in the National Bureau of Standards Handbook 44 and supplements thereto. However,

"[t]he ultimate and controlling policy decision— as to whether there shall be uniformity of Federal-state regulation in the field—rests always with the Legislature and it does not in any vicious sense abdicate its legislative judgment or authority". *State* v. *Hotel Bar Foods, Inc.* (1955), 18 NJ 115, 125 (112 A2d 726, 732). See, also, L. Jaffe, An Essay on Delegation of Legislative Power, 47 *Colum L Rev,* 561, 564 (1947).

The exigencies of modern government have increasingly dictated the use of general legislative policies which are further interpreted by detailed administrative rules and regulations. This is especially true in specialized areas which are primarily the subject of Federal regulation. Note, 33 *Mich L Rev* 597, 600–604 (1935). Our Legislature, as others, has wisely guided its administrative agencies towards the adoption of conforming state-Federal regulations. *People* v. *Sell* (1945), 310 Mich 305. See also *State* v. *Hotel Bar Foods, Inc., supra; Yelle* v.

*Bishop* (1959), 55 Wn 2d 286 (347 P2d 1081);
*Horner's Market, Inc.* v. *Tri-County Metropolitan
Transportation District of Oregon* (1970), 2 Or
App 398 (467 P2d 671); *Thorpe* v. *Mahin* (1969), 43
Ill 2d 36 (250 NE2d 633).

Defendant argues that the authority to determine
"incorrect measuring devices" was re-delegated by
the National Bureau of Standards to the National
Conference on Weights and Measures, a private
agency. That is not our view of the meaning and
adoption of handbook 44 and the regulations therein.
The specifications, regulations, and tolerances for
measuring devices used in the retail sale of motor
fuel became part of the National Bureau of Standards'
regulations, not automatically because of the
fact of adoption by the National Conference on
Weights and Measures, but as a result of the approval
of the national bureau.[3] The bureau must
be assumed to have exercised its judgment as to the
propriety of giving such approval, just as it did
with respect to the other portions of the regulation.
*Seale* v. *McKennon* (1959), 215 Or 562 (336 P2d
340).

Secondly, defendant contends that the statute in
issue requires the adoption of "handbook 44 and
supplements thereto, or  *  *  *  any publication
revising or superseding handbook 44" as the state
standard, and that such a mandate is an illegal delegation
of legislative power to set weights and measures
standards *in futuro*.

---

[3] Congress is empowered to establish and adopt standards of
weights and measures, US Const, art 1, § 8(5). The Bureau of
Standards, under the Secretary of Commerce, is charged with the
obligation of implementing national standards and enforcing the
same, 15 USC §§ 271–278e (1946); the director of the bureau
is empowered to publish and promulgate rules and regulations pursuant
thereto, Bureau of Standards, 15 USC §§ 271–278e (1964);
15 CFR §§ 200.100–200.107 (1967).

The people rightly contend[4] that the trial court, in ruling MCLA § 290.608 (Stat Ann 1971 Cum Supp § 12.1081[8]) unconstitutional, overlooked a settled rule of statutory construction:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

"If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable". MCLA § 8.5 (Stat Ann 1969 Rev § 2.216).

The Federal standard for improper measuring devices used in the retail sale of motor fuel was delineated in the National Bureau of Standards Handbook 44. This handbook was incorporated by reference and became the enforceable standard in Michigan. It has consistently been held that statutes which incorporate *existing* Federal statutes, rules, and regulations by reference are valid and constitutional. Generally: *City of Pleasant Ridge v. Governor* (1969), 382 Mich 225; specifically, the Federal standard for weights and measures: *McGeorge* v. *Walker* (1887), 65 Mich 5, 8; *Parker, Webb & Co.* v. *Austin* (1909), 156 Mich 573, 578. In accord: *Brock* v. *Superior Court of Los Angeles County* (1937), 9 Cal 2d 291 (71 P2d 209); *State* v.

---

[4] The defense contends that the people raise the issue of severability for the first time on appeal, and therefore, this Court should not consider it. Under normal circumstances, that would be the determination. However, to prevent manifest injustice and litigious arguments, we shall consider the issue. *Hunt* v. *Deming* (1965), 375 Mich 581.

*S & W Waldman, Inc.* (1960), 61 NJ Super 403 (160 A2d 677); *Seale* v. *McKennon, supra; New York State Food Merchants' Association* v. *Grant* (1970), 63 Misc 2d 550 (312 NYS2d 600).

However, it has likewise been the majority holding, and the rule in Michigan, that adoption by reference of *future* legislation and rules are unconstitutional. *Lievense* v. *Unemployment Compensation Commission* (1952), 335 Mich 339; *Brock* v. *Superior Court, supra; State* v. *Urquhart* (1957), 50 Wn 2d 131 (310 P2d 261); Anno., 133 ALR 401; Mermin, " 'Cooperative Federalism' Again: State and Municipal Legislation Penalizing Violation of Existing and Future Federal Requirements: II", 57 *Yale L J* 201 (1947); 1 *Sutherland Statutory Construction* (3d ed), § 310.

In any event, we need not pursue the issue further since we are satisfied that even if the provision " * * * handbook 44 and supplements thereto, or in any publication revising or superseding handbook 44 * * * " were deemed unconstitutional,[5] the remainder of the statute would properly stand as severable. MCLA § 8.5 (Stat Ann 1969 Rev § 2.216); *City of Detroit* v. *Sanchez* (1969), 18 Mich App 399; *Dawson* v. *Hamilton* (Ky, 1958), 314 SW 2d 532. In the instant matter, the state did not prosecute defendant under the excised phrase. It may be assumed that had the state proceeded under this phrase alone, the prosecution would have failed.

---

[5] We do not decide the question of whether or not this phrase is an unconstitutional delegation of legislative power. Defendant was charged with violating the standards outlined in the National Bureau of Standards Handbook 44, and it is only that standard with which we are concerned. At some future date, however, we may be required to address ourselves to this phrase, and then, may well declare it unconstitutional. The Legislature may not abdicate its legislative authority to determine state weights and measures standards to a private or congressional agency without maintaining its ultimate authority to set the primary standard.

*State* v. *Hotel Bar Foods, supra,* p 734; *Dawson* v. *Hamilton, supra,* p 536. However, the prosecution in this instance was properly brought for violation of weights and measures standards as outlined in handbook 44, a standard then in existence when incorporated into and made part of MCLA § 290.608 (Stat Ann 1971 Cum Supp § 12.1081[8]).

The trial court's order of dismissal is reversed and the case is remanded for proceedings not inconsistent herewith.

All concurred.