OPINION OF THE COURT
Charles F. Cacciabaudo, J.
The defendant Parr Meadows Racing Association, Inc. (hereinafter Parr) owns a racetrack at which defendant, Winner’s Circle Flea Market, Inc. (hereinafter Winner’s) conducted a *356 flea market pursuant to a lease agreement with Parr. Parr is currently under chapter XI reorganization (Bankruptcy Act, ch 11; US Code, tit 11, ch 11) and thus the lease was authorized by the Bankruptcy Court which made the agreement "contingent upon the lessee obtaining any and all special permits required by any zoning ordinance.” It is not disputed that section 85-154 of the Brookhaven Town Zoning Ordinance (renum § 85-359) requires a special permit to conduct a flea market and that no such permit was obtained. However, the defendants claim the racetrack is only subject to State regulation (Pari-Mutuel Revenue Law, § 89, L 1940, ch 254, as amd by L 1970, ch 1023, § 1) and therefore they are not liable for failure to comply with the local zoning law. The town disputes this assertion and maintains that the enactment is valid and authorized by section 261 of the Town Law.
Section 89 of the Pari-Mutuel Revenue Law provides: "Notwithstanding the provisions of any general or special statute of the state of New York or of any local law or ordinance of any municipality within the state, whether such provision or provisions be penal in character or otherwise, the provisions of this act and the rules and regulations and requirements of the quarter horse racing commission relating to the time when and place where or manner in which the quarter horse races shall be conducted in this state and the control of the grounds and structures erected or to be erected thereon upon and at which such racing is conducted and the activities conducted thereat and thereon in connection with any trial or contest of speed or power of endurance of quarter horses shall be construed and deemed to be exclusive of and shall supersede any provisions of such other general or special statute, local law or ordinance in any wise relating thereto”.
Section 261 of the Town Law is a general grant of authority which empowers the town to regulate and restrict the "use of buildings, structures and land for trade”. Thus, the issue presented is whether this general grant of authority has been limited to activities not affecting the use of the racetrack premises.
Local enactments are afforded the usual presumption of validity (Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359, opp dsmd 409 US 1003) and the burden of proving otherwise rests upon the party challenging the enactment (Golden v Planning Bd. of Town of Ramapo, supra). Where, as here, the court is called upon to reconcile an apparent conflict *357 between a grant of authority to regulate an area, and the State’s own enactments on the subject, pre-emption should be denied unless such intent is clearly expressed (New York State Food Merchants’ Assn. v Grant, 63 Misc 2d 550).
It is the court’s conclusion that the defendants have not sustained their burden of proving an intent to prohibit all local regulations of the racetrack. Although no cases defining the parameters of permissible local regulation pursuant to section 89 of the Pari-Mutuel Revenue Law have been reported, it is apparent that the section was designed to reserve for State regulation only those activities which directly concern horse racing. Indeed, by reserving for exclusive State regulation only those activities conducted "in connection with any trial or contest of speed or power of endurance of quarter horses”, section 89 of the Pari-Mutuel Revenue Law implicitly contemplated local control of some activities at the racetrack. Since the defendants are charged with committing acts which do not directly relate to horse racing, the town has not exceeded the bounds of its authority.
In so holding, the court has determined that the defendants’ reliance on Town of Brookhaven v Parr Co. of Suffolk (76 Misc 2d 378, mod on other grounds 47 AD2d 554) is misplaced. There, the court held that the local building regulations did not apply to the construction of the racetrack under the authority of section 89 of the Pari-Mutuel Revenue Law. However, the prohibition against local regulation of structures pursuant to section 89 of the Pari-Mutuel Revenue Law is absolute, whereas the prohibition against local regulation of activities is restricted to situations where the activities are connected to horse racing. As previously stated, the operation of a flea market is not so connected.
Further, State regulations governing the construction of the racetrack were found to conflict with the local ordinance. However, here no conflict exists since there are no State regulations affecting activities such as flea markets conducted on racetrack premises.
Accordingly, the defendants are found guilty as charged.