*91 OPINION OF THE COURT
Irving A. Green, J.
Application is made in this matrimonial action for an order adjudging the plaintiff in contempt for failure to comply with an order of the court awarding temporary alimony to defendant wife. No opposing affidavit is submitted by the plaintiff. The plaintiff’s attorney has submitted what purports to be an affidavit in opposition to the application. Such affidavit, however, in which the attorney avers the plaintiff is unable to fully comply with such order of the court is, manifestly, hearsay and insufficient properly to serve as an answer to the moving papers.
The plaintiff’s attorney, in his opposing affirmation, further relies upon the recent decision of the United States Supreme Court in Orr v Orr (440 US 268), as a bar to the enforcement of the alimony order of this court since a literal reading of the statute (Domestic Relations Law, § 236) appears to contain a sex distinction which the United States Supreme Court in the Orr case, in reviewing an analogous statute of the State of Alabama, has struck down as unconstitutional.
The order, which is the basis of this application, was granted by the court on January 2, 1979, prior to the Orr decision. It has been held that the Orr decision should not be given retroactive effect (Laka v Laka, NYLJ, March 20, 1979, p 12, col 3). In addition, the court may utilize the principle authorizing it to construe the statute as to avoid an unconstitutional interpretation (Carter v Carter, 58 AD2d 438). No violence is done to either the purpose or intent of the statute with respect to the award of temporary alimony in appropriate matrimonial actions by construing and interpreting the statute as to equalize the eligibility of a spouse, irrespective of sex or gender, to the benefits thereof. This court so construes the statute.
Accordingly, the application will be granted to the extent of granting leave to the defendant to enter judgment and have execution for $650, being the sum in arrears as of February 6, 1979, without prejudice to an application for relief as to any arrears accruing after such date. Counsel fees upon the motion in the sum of $150 are hereby awarded.
In all other respects, the motion is denied.