OPINION OF THE COURT
Anthony Corso, J.
The defendants are charged with a violation of section 20 of article 10 of the Suffolk County Sanitary Code (emission of visible air contaminant from an internal combustion engine). They have moved to dismiss the present informations arguing that the prosecution is barred as a separate prosecution of an offense based upon the same act or criminal transaction as was an offense previously prosecuted.
The previous prosecution which the defendants contend stands as a bar to the present prosecution was a plea of guilty by defendant United Bus Corp. to a violation for permitting excessive exhaust from one of its buses in violation of the Vehicle and Traffic Law (presumably § 375, subd 28).
*1098 The motion to dismiss is denied as to Robert A. Bennet, Jr. There has been no previous prosecution of any kind concerning him arising from the act or criminal transaction in question. Thus, this is not a second prosecution.
As to defendant United Bus Corp. the motion requires further consideration. CPL 40.20 proscribes a second "prosecution”. Prosecution is defined in CPL 40.30. It provides, in part, that "a person 'is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States”. The Administrative Adjudications Bureau is not a court. Thus, by statutory definition there has been no previous prosecution in this case. Further, subdivision 3 of section 227 of the Vehicle and Traffic Law provides, in part, "[a]n order entered after the receipt of an answer admitting the charge or where a determination is made that the charge has been established shall be civil in nature, but shall be treated as a conviction for the purposes of this chapter. The commissioner or his designee may include in such order an imposition of any penalty authorized by any provision of this chapter for a conviction of such violation, except that no penalty therefor shall include imprisonment, nor, if monetary, exceed the amount of the fine which could have been imposed had the charge been heard by a court.” It appears, therefore, that by its terms CPL 40.20 (subd 2) cannot serve as a bar to the present prosecution.
However, that conclusion does not end consideration of the matter. That result raises questions including denial of equal protection of the laws. (NY Const, art I, § 11; US Const, 14th Arndt, § 1.)
Subdivision 1 of section 225 of the Vehicle and Traffic Law provides for the administrative adjudication of "all violations of this chapter or of a local law, ordinance, order, rule or regulation relating to traffic, except parking, standing, stopping or pedestrian offenses, which occur within a city having a population of two hundred fifty thousand or more, or within that portion of Suffolk County for which a district court has been established, and which are classified as traffic infractions”.
Thus, only where the act or criminal transaction occurs in cities having a population of 250,000 or in those portions of Suffolk County for which a District Court has been established could the present situation arise. In any other location the *1099 Vehicle and Traffic Law violation would have been prosecuted in a court. Upon entry of the guilty plea a subsequent prosecution such as the present one would have been barred pursuant to CPL 40.20 (subd 2) and 40.30 (subd 1, par [a]). (See People v Montone, 82 Misc 2d 234.) It is only the fortuitous circumstance of the location of the offense which now has the apparent effect of removing the statutory bar from the prosecution of this offense.
It may be argued that any possible disadvantage the defendant may now be suffering is outweighed by the advantage of being subjected to a civil proceeding in the Administrative Adjudications Bureau as opposed to the "criminal” prosecution of the violation in a court. Presumably these advantages are that the proceeding can result only in a civil judgment against the defendant and that he is subject only to a fine without the possibility of a sentence of imprisonment being imposed. (Vehicle and Traffic Law, § 227, subd 3.)
In this court’s opinion those "advantages” cannot justify denial of the protections afforded by CPL 40.20 (subd 2). Along with those advantages are several inherent disadvantages. First, as provided by subdivision 1 of section 227 of the Vehicle and Traffic Law, the prosecution may sustain its burden of proof by clear and convincing evidence as opposed to proof beyond a reasonable doubt. There is no right to a supporting deposition as there would be in the case of a simplified traffic information (CPL 100.40, subd 2) and there is no right to discovery. Further subdivision 3 of section 227 of the Vehicle and Traffic Law indicates that for the purposes of the Vehicle and Traffic Law the civil judgment in the administrative proceeding may be deemed the equivalent of a conviction. The authorized fine is the same as that which might be imposed in a criminal court. (Vehicle and Traffic Law, § 227, subd 3.) And, while no jail sentence may be imposed administratively, the court cannot totally ignore the reality that any jail sentence for a traffic infraction is an extremely rare occurence. Therefore, this is not a situation where a criminal defendant receives a statutory benefit and is then heard to complain that such benefit somehow denies to him equal protection of the law. (Cf. People v Drayton, 47 AD2d 952, 953, affd 39 NY2d 580.)
By its determination here the court does not presume to declare the administrative adjudication of traffic infractions in certain localities to be an unconstitutional practice (Matter of *1100 Rosenthal v Hartnett, 36 NY2d 269) nor to even consider that question. Nor is the court holding that both civil and criminal liability may not arise from the same incident. (See Matter of Barnes v Tofany, 27 NY2d 74.) The question before the court is whether CPL 40.20 (subd 2) may lawfully be construed so as to permit the prosecution involved here. This court must conclude that it cannot be so construed.
The Court of Appeals has stated that the administrative adjudication of traffic infractions in certain localities is permissible as a "necessary and desirable” way of relieving the pressure on overcrowded courts. (Rosenthal v Hartnett, supra, at p 273.) But the result of permitting multiple prosecutions as may happen here bears no rational relation to the goal of reducing the caseload in the courts.
The procedure to be followed here is not to find that CPL 40.20 (subd 2) is an unconstitutional statute. Rather it should be construed as including a bar to a prosecution such as the present one. (See Navagata v Navagata, 99 Misc 2d 90.)
Accordingly, as to the defendant United Bus Corporation the motion to dismiss is granted.