PEOPLE v LEWIS

Docket No. 51683. Submitted April 9, 1981, at Grand Rapids.—Decided June 17, 1981.

Leon S. Lewis was convicted of refusal or neglect to make court-ordered support payments, Barry Circuit Court, Richard Robinson, J. He appeals, alleging that the statute under which he was convicted is invalid as violative of the equal protection guarantees of the Michigan and United States Constitutions and infringes on his right to interstate travel. *Held:*

1. The gender-based classification contained in the statute does not serve an important governmental objective, nor is it related substantially to the achievement of such objectives. Thus, the statute is invalid as violative of defendant's equal protection rights.

2. It is not necessary to decide the question of infringement of defendant's right to interstate travel because the statute has been found to be invalid as violative of equal protection rights; however, a statute which penalizes such right to travel may be justified only by a compelling state interest and must be tailored carefully to avoid unnecessary infringement of the right.

Reversed.

1. Courts — Court of Appeals — Statutes — Constitutional Law — Judicial Construction.

The Court of Appeals will construe statutes so as to avoid constitutional questions where possible.

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 873.
  16 Am Jur 2d (Rev), Constitutional Law § 172.
[2] 16A Am Jur 2d, Constitutional Law §§ 750, 769.
  Validity under equal protection clause of Fourteenth Amendment of gender-based classifications arising by operation of state law—federal cases. 60 L Ed 2d 116.
[3] 16A Am Jur 2d, Constitutional Law § 577.
  21 Am Jur 2d, Criminal Law § 582.
  Construction and application of state equal rights amendments forbidding determination of rights based on sex. 90 ALR3d 158.
[4] 16A Am Jur 2d, Constitutional Law §§ 610, 611.

2. Constitutional Law — Statutes — Gender-Based Classifica-
      tions — Equal Protection.

    An explicit gender-based classification which is included in a
    statute must serve an important governmental objective and be
    related substantially to the achievement of such objective to
    withstand scrutiny under the provision of the Equal Protection
    Clause (US Const, Am XIV).

3. Constitutional Law — Criminal Law — Gender-Based Classifi-
      cations — Nonsupport — Equal Protection — Statutes.

    The section of Michigan's substantive criminal law which limits
    penalties for refusal to support a wife or children as required
    by court order only to husbands and fathers is invalid as
    violative of equal protection guarantees of both the Michigan
    and United States Constitutions (US Const, Am XIV, Const
    1963, art 1, § 2, MCL 750.165; MSA 28.362).

4. Constitutional Law — Right to Travel — Statutes.

    A statute which penalizes a person's exercise of his right to travel
    may be justified only by a compelling state interest and must
    be tailored carefully to avoid unnecessary infringement upon
    the right.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert C. Engels,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people.

*Stiles, Fowler & Tuttle,* for defendant on appeal.

Before: MacKenzie, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

M. F. Cavanagh, J. Defendant was convicted in a trial without a jury of felony-nonsupport in violation of MCL 750.165; MSA 28.362. He was sentenced to five years probation with the first six months to be served in the county jail, fined $100, assessed costs of $500, and ordered to pay $200 a month restitution. He appeals as of right.

The statute under which defendant was charged states, in pertinent part:

"Where in any decree of divorce, or decree of separate maintenance granted in this state, or by order entered during the pendency of any such proceedings, if personal service is had upon the husband or upon the father of any minor child or children, under the age of 17 years, or such husband or father shall have entered an appearance in such proceedings either as plaintiff or defendant, the court shall order such husband to pay any amount to the clerk or friend of the court for the support of any wife or former wife who by reason of any physical or mental affliction is unable to support herself, or father to pay any amount to the clerk or the friend of the court for the support of such minor child or children, and *said husband or father shall refuse or neglect to pay such amount at the time stated in such order and shall leave the state of Michigan, said husband or father shall be guilty of a felony* * * *." (Emphasis added.)

Although this Court must construe statutes to avoid constitutional questions, the plain and unambiguous language of this provision prevents us from interpreting the statute to apply to both men and women. The statute clearly applies only to "husbands" and "fathers". Wives and mothers subject to court orders to make child and spousal support payments and, therefore, similarly situated are not subject to the statute. This is an explicit gender-based classification. To withstand scrutiny under the Equal Protection Clause, this classification by gender must serve important governmental objectives and must be related substantially to the achievement of those objectives. *Orr v Orr,* 440 US 268, 279; 99 S Ct 1102; 59 L Ed 2d 306 (1979).

Any valid purposes served by this statute would be served equally or better by a gender-neutral statute. The fact that most persons subject to court orders to make child and spousal support payments are men is of no consequence, since each

person charged under the criminal statute receives an individual hearing on the merits. A gender-neutral statute containing the same provisions would impose no special burden on the state nor would it frustrate the achievement of the objectives which underlie the present gender-based statute. The decision of the United States Supreme Court in *Orr, supra,* compels the conclusion that the statute is invalid as a violation of defendant's right to equal protection of the laws under both the federal and state constitutions. US Const, Am XIV, Const 1963, art 1, § 2.

We have reviewed the opinions of courts in other jurisdictions considering similar criminal nonsupport laws. California's nonsupport law was struck down in *Cotton v Municipal Court of the San Diego Judicial Dist,* 59 Cal App 3d 601; 130 Cal Rptr 876 (1976). See also *In re Aguilar,* 80 Cal App 3d 58; 145 Cal Rptr 197 (1978). That court, however, applied the strict scrutiny test, requiring the state to show a compelling state interest for the discriminatory classification. The court held that, for purposes of equal protection analysis, sex was a suspect class and liberty interests were fundamental rights. The courts of this state have adopted neither position. *People v McDonald,* 409 Mich 110, 123; 293 NW2d 588 (1980), *People v McDonald,* 67 Mich App 64, 71; 240 NW2d 268 (1976). The California court's analysis therefore is not analogous to that which we have undertaken above. The *Cotton* court did note, however, that a gender-free statute would serve better the purposes underlying the nonsupport statute.

In *People v Elliott,* 186 Colo 65; 525 P2d 457 (1974), the Colorado Supreme Court rejected an attack on that state's criminal nonsupport statute. In doing so, the Court applied the rational basis

test in its equal protection analysis and stated that the parental duty of support was still the primary responsibility of the father. The Court also held that the classification was not a gender-based one because it did not apply to all men. The analysis adopted by the Colorado Court can no longer be considered viable in light of the Supreme Court's decision in *Orr, supra,* where the Court clearly rejected the use of gender-based classifications which carry the baggage of sexual stereotypes. The Supreme Court in *Orr* held that the expectation that the father primarily is responsible for the support of children is such a stereotype.

In *State v Fuller,* 377 So 2d 335 (La, 1979), the Louisiana Supreme Court overruled its prior decision in *State v Barton,* 315 So 2d 289 (La, 1975), and invalidated that state's criminal abandonment statute. In doing so, the Court specifically relied on the decision and rationale in *Orr, supra.* The Court first rejected the argument that the classification recognized the realities of domestic relations as they presently existed in the state. The same argument had been rejected in *Orr.* The Court found that a gender-free statute would serve equally or better the purposes underlying the statute as written.

It is our view that the Louisiana Court, having the benefit of the Supreme Court's decision in *Orr,* correctly decided *Fuller, supra.* We have applied the same analysis here. The gender-based classification contained in the statute here in question cannot be severed from the remainder of the statute and it thus renders the statute constitutionally invalid.

Defendant also claims that the statute is an unconstitutional infringement upon his right to travel. Men who neglect or refuse to make child

support payments are punished by the statute only if they exercise their right to travel from state to state. A classification is contained in the statute which is based upon the exercise of the right to travel between states. Such a classification can be justified only by a compelling state interest. *Memorial Hospital v Maricopa County,* 415 US 250, 258; 94 S Ct 1076; 39 L Ed 2d 306 (1974). Similar nonsupport statutes have been held to infringe unnecessarily upon the right to travel. *In re King,* 3 Cal 3d 226; 90 Cal Rptr 15; 474 P2d 983 (1970), *Helms v Jones,* 621 F2d 211 (CA 5, 1980). Even a compelling state interest may be served only by means which do not burden unnecessarily the exercise of the right to travel. Without deciding the issue of the right to travel raised by defendant in light of the statute's invalidity on other grounds, we note that a statute penalizing the exercise of the right to travel may be justified only by a compelling state interest and must be tailored carefully to avoid unnecessary infringement upon the right.

Reversed.