PEOPLE v GILLIAM

Docket No. 50759. Submitted April 23, 1981, at Detroit.—Decided
August 18, 1981.

Paul F. Gilliam was convicted on his plea of guilty of refusing or
neglecting to pay support and leaving the state in violation of
the so-called felony-nonsupport statute. The Lapeer Circuit
Court, Martin E. Clements, J., delayed sentencing for one year
on the condition that the defendant pay child support of $20
per week for each of his three minor children and certain other
costs. Defendant failed to comply with the conditions imposed
in the order of a delayed sentence and was thereafter sentenced
to 60 days incarceration in the county jail. Defendant appeals.
*Held:*

1. By pleading guilty the defendant did not waive the right to
appellate review of the question of the constitutionality of the
statute under which he was convicted. Further, given the
serious due process implications raised by defendant's appellate
challenge to the constitutionality of the statute, coupled with
the fact that the defendant was not represented by counsel at
the time he tendered his plea of guilty, the failure to raise the
question of the constitutionality of the statute before the trial
court does not preclude appellate review.

2. Under the prevailing rules of statutory construction and in
view of the statutory scheme enacted by the Legislature, the
felony-nonsupport statute, while worded in the masculine gen-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 271.
[2] 5 Am Jur 2d, Appeal and Error § 574.
[3] 16 Am Jur 2d, Constitutional Law § 212 *et seq.*
   73 Am Jur 2d, Statutes §§ 37, 103, 123.
[4] 73 Am Jur 2d, Statutes § 219.
[5] 16A Am Jur 2d, Constitutional Law § 818.
   21 Am Jur 2d, Criminal Law §§ 14-18.
   Indefiniteness of language as affecting validity of criminal legisla-
   tion or judicial definition of common-law crime—Supreme Court
   cases. 16 LEd 2d 1231.
[6] 23 Am Jur 2d, Desertion and Nonsupport §§ 1-7.
[7] 29 Am Jur 2d, Evidence §§ 280, 281.

der, applies equally to women. Accordingly, the use of the masculine gender in that statute does not violate the defendant's right to equal protection of the law.

3. The felony-nonsupport statute, as judicially interpreted and limited, is not vague in the constitutional sense.

4. The term "flight" as used in the felony-nonsupport statute contemplates a person leaving the state permanently or on a prolonged basis knowing of the unfulfilled obligation to pay support. That term does not contemplate the mere crossing of the state line where the leaving of the state is temporary or incident to one's occupation.

Affirmed.

1. APPEAL — CRIMINAL LAW — GUILTY PLEAS — PRESERVING QUESTION.

A plea of guilty does not waive the right of a criminal defendant to raise on appeal the constitutionality of the statute under which the defendant was convicted.

2. APPEAL — CRIMINAL LAW — PRESERVING QUESTION.

The failure of a criminal defendant to raise before the trial court an issue does not preclude appellate review of that issue where the issue goes to the constitutionality of the statute under which the defendant was convicted and the defendant was not represented by counsel at the time he tendered his guilty plea.

3. STATUTES — JUDICIAL CONSTRUCTION.

Courts attempt to construe statutes in a fashion which gives force and validity to the statutes and avoid constructions that nullify them; where a statute is susceptible to two constructions, the one which upholds constitutionality is preferred and presumed to have been intended by the Legislature.

4. CRIMINAL LAW — JUDICIAL CONSTRUCTION — GENDER — EQUAL PROTECTION — STATUTES.

The felony-nonsupport statute, while worded in the masculine gender, applies also to women and, accordingly, does not violate the right to equal protection of the law (MCL 750.165; MSA 28.362).

5. CONSTITUTIONAL LAW — CRIMINAL LAW — VAGUENESS — STATUTES.

A challenge to a criminal statute on the ground that it is unconstitutionally vague must be examined in light of the facts of the case at hand; that is, whether the statute gives fair notice of the conduct proscribed.

6. CRIMINAL LAW — NONSUPPORT — PROOFS — STATUTES.

    The crime of felony-nonsupport requires proof that a defendant, not being under an inability to pay, refused or neglected to pay support in accordance with a court's order and, contemporaneously with or subsequent to such refusal or neglect to pay such support, the defendant left the state (MCL 750.165; MSA 28.362).

7. WORDS AND PHRASES — FLIGHT — CRIMINAL LAW — STATUTES.

    The term "flight" as used in the felony-nonsupport statute contemplates a person leaving the state permanently or on a prolonged basis knowing of the unfulfilled obligation to pay support but does not contemplate the mere crossing of the state line where the leaving of the state is temporary or incident to one's occupation (MCL 750.165; MSA 28.362).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Earl H. Morgan, Jr.,* Prosecuting Attorney, and *Justus Scott,* Assistant Prosecuting Attorney, for the people.

*Frank A. Antonelli,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

D. C. RILEY, J. On May 14, 1979, defendant pled guilty to a charge of violating the so-called felony-nonsupport statute, MCL 750.165; MSA 28.362. The judge delayed sentencing for one year on the condition that defendant pay $20 per week per child for support of his three minor children and that he pay certain other costs. Upon defendant's failure to comply with the conditions attendant to the delayed sentence, defendant was brought in for sentencing before the one-year period expired. On January 28, 1980, defendant was sentenced to 60 days incarceration in the county jail and now appeals as of right.

    Defendant does not challenge the factual basis upon which his conviction rests. More fundamen-

tally, defendant assails the constitutionality of the felony-nonsupport statute, claiming that it violates his constitutional rights to due process and equal protection.

The threshold issue is whether appellate review of these issues is precluded because of defendant's failure to raise them in the court below or as a result of his tendering of a plea of guilty to the offense charged. As to the latter, we are of the opinion that a plea of guilty does not waive appellate consideration of the constitutionality of the statute under which defendant was convicted. *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), *People v Riley,* 88 Mich App 727, 730; 279 NW2d 303 (1979). We are also of the opinion that the defendant's failure to raise the issue below should not preclude our review, given the serious due process implications of conviction under an invalid statute, especially where, as here, defendant was not represented by counsel at the time he tendered his plea. See *People v Miller,* 49 Mich App 53, 61; 211 NW2d 242 (1973), *People v De Silva,* 32 Mich App 707, 713; 189 NW2d 362 (1971).

Turning to the merits of defendant's contentions, he first argues that the statute abridges his constitutional guarantee of equal protection under the law because of its discriminatory application only to "husbands" and "fathers". The statute in issue provides:

"Where in any decree of divorce, or decree of separate maintenance granted in this state, or by order entered during the pendency of any such proceedings, if personal service is had upon the husband or upon the father of any minor child or children, under the age of 17 years, or such husband or father shall have entered an appearance in such proceedings either as plaintiff or

defendant, the court shall order such husband to pay any amount to the clerk or friend of the court for the support of any wife or former wife who by reason of any physical or mental affliction is unable to support herself, or father to pay any amount to the clerk or friend of the court for the support of such minor child or children, and said husband or father shall refuse or neglect to pay such amount at the time stated in such order and shall leave the state of Michigan, said husband or father shall be guilty of a felony: Provided, however, if at any time before sentence he shall enter into bond to the people of the state of Michigan, in such penal sum and with such surety or sureties as the court may fix, conditioned that he will comply with the terms of such order or decree, then the court may suspend sentence therein: Provided further, That upon failure of such person to comply with said undertaking he may be ordered to appear before the court and show cause why sentence should not be imposed, whereupon the court may pass sentence, or for good cause shown may modify the order and take a new undertaking and further suspend sentence as may be just and proper." MCL 750.165; MSA 28.362.

Preliminarily, we note several well-established rules of statutory construction. In *Thomas v Consumers Power Co,* 58 Mich App 486, 492; 228 NW2d 786 (1975), the Court stated that courts should attempt to construe statutes in a fashion that gives them force and validity and to avoid constructions that will nullify them. Similarly, the Supreme Court has stated that it seeks "to save legislation from unconstitutionality wherever possible by reasonable and permissible interpretation". *Fritts v Krugh,* 354 Mich 97, 114; 92 NW2d 604 (1958). All legislation is presumed constitutional and all doubts are resolved in favor of upholding the validity of legislative enactments. *People v Neumayer,* 405 Mich 341; 275 NW2d 230 (1979), *People v Piasecki,* 333 Mich 122; 52 NW2d

626 (1952). When a statute is susceptible to two constructions, one consistent with the constitution and the other inconsistent, the one consistent with the constitution is preferred as that presumptively intended by the Legislature. *People v Dubina,* 304 Mich 363, 369; 8 NW2d 99 (1943). Finally, as this Court stated in *Simmons v Marlette Board of Education,* 73 Mich App 1, 5; 250 NW2d 777 (1976):

"Where one section of a statute is ambiguously worded, legislative intent may be found by clear and express language found in other sections. *Bidwell v Whitaker,* 1 Mich 469 (1850). In interpreting a statute we must read the entire act as a whole, and the meaning to be given to one section should be arrived at after due consideration of other sections, so as to produce a harmonious and consistent enactment as a whole. *Joslin v Campbell, Wyant & Cannon Foundry Co,* 359 Mich 420; 102 NW2d 584 (1960)."

The statute under which defendant was convicted is part of the Penal Code. MCL 750.10; MSA 28.200 provides that, as found throughout the Penal Code, "[t]he masculine gender includes the feminine and neuter genders". This provision indicates a clear legislative intent that the Penal Code apply to females as well as males. In addition, the Michigan Legislature amended the custody and maintenance provisions of the divorce law to provide that *either parent* may be ordered to pay child support. MCL 552.17a; MSA 25.97(1).[1] It thus

---

[1] MCL 552.17a; MSA 25.97(1) provides as follows:

"The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years and may require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age and may in case of exceptional circumstances,

appears that the obvious legislative intent was to place fathers and mothers on equal footing with regard to the responsibility of providing child support.

We also note that MCL 8.3b; MSA 2.212(2) provides that statutory words importing the masculine gender only may extend and be applied to females as well as males. More importantly, MCL 750.10; MSA 28.200 and the original version of MCL 750.165; MSA 28.362 were part of the same act of the Legislature, 1931 PA 328, a further indication of the Legislature's intent to have the former read into the latter for purposes of application of the penal provision in issue now.

Further, in the case of *Navagata v Navagata,* 99 Misc 2d 90; 415 NYS2d 372, 373 (1979), which involved an application for an order adjudging the plaintiff-husband in contempt for failure to comply with an order awarding defendant-wife temporary alimony, plaintiff argued that the statute under which the alimony order was entered was unconstitutional as being violative of equal protection. In response to this claim, the Court stated that:

"[T]he Court may utilize the principle authorizing it to construe the statute as to avoid an unconstitutional interpretation. *(Carter v Carter,* 58 AD2d 438; 397 NYS2d 88 [1977]). No violence is done to either the purpose or intent of the statute with respect to the award of temporary alimony in appropriate matrimonial actions by construing and interpreting the statute as to equalize the eligibility of a spouse, irrespective of sex or gender, to the benefits thereof. This Court so construes the statute."

require payment of such allowance for any child after he attains that age. However, on application for modification of a judgment or order where applicant is in contempt, for cause shown, the court may waive the contempt and proceed to a hearing without prejudice to applicant's rights and render a determination on the merits."

In light of the fairly recent extension of child support obligations to mothers and the rules of statutory construction set forth in MCL 8.3b; MSA 2.212(2), and that found in MCL 750.10; MSA 28.200, as well as the judicial rules of construction as mentioned hereinbefore, including the rule of construction employed by the Court to save the statute in *Navagata,* we conclude that the statute in question applies equally to males and females and is therefore not violative of equal protection.[2]

Defendant's due process challenge is that the statute under which he was convicted is unconstitutionally vague with respect to the conduct proscribed.

Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. *People v Howell,* 396 Mich 16, 21; 238 NW2d 148 (1976). The basic standard for determining whether a statute is void for vagueness is found in *People v Herron,* 68 Mich App 381, 382; 242 NW2d 584 (1976), where the Court stated:

" '[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' *Lanzetta v New Jersey,* 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939)."

The parameters of a vagueness inquiry are

---

[2] We recognize that our opinion in this matter conflicts with a recent opinion of another panel of this Court that considered the same issue. See *People v Lewis,* 107 Mich App 277; 309 NW2d 234 (1981). We believe that *Lewis* was wrongly decided, however, in that the *Lewis* opinion did not take into consideration MCL 750.10; MSA 28.200, which evidences a legislative intent to make the Penal Code applicable to men and women equally, and did not properly consider several well-established rules of statutory construction considered herein.

clearly spelled out in *People v Harbour,* 76 Mich App 552, 558; 257 NW2d 165 (1977), as follows:

"The proper vagueness inquiry is whether the statute 'does not provide fair notice of the conduct proscribed', or whether it 'confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed'. *People v Howell,* 396 Mich 16, 20; 238 NW2d 148, 149 (1976), accord *People v Downes,* 394 Mich 17, 23-24; 228 NW2d 212, 215-216 (1975). The vagueness challenge must be examined in light of the facts at hand; that is, whether the statute is vague as applied to the conduct allegedly proscribed in the instant case. See *People v Howell, supra.* Even though the statute may be susceptible to impermissible interpretations, reversal is not required where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness, and where defendant's conduct falls within that proscribed by the properly construed statute. See *People v Howell, supra,* 23-25; 238 NW2d 150-152, *People v Downes, supra,* 25-27; 228 NW2d 216-217, *People v Purifoy,* 34 Mich App 318, 322-324; 191 NW2d 63, 64-65 (1971)."

The statute in question was construed by this Court in *People v Ditton,* 78 Mich App 610; 261 NW2d 182 (1977), over 18 months before a complaint was filed against the defendant. In *Ditton,* the Court held that inability to pay is a defense to the charge and that the refusal to pay or neglect thereof must occur at or prior to the time a defendant leaves the state of Michigan. *Ditton, supra,* 613, 617. The *Ditton* Court also held that refusal or neglect must be coupled with flight. *Id.,* 613. Thus, it is clear that the statute, as construed prior to the institution of proceedings against the defendant, required a refusal to pay or a neglect of the duty to do so which must have occurred contemporaneously with or prior to a defendant's

leaving the state. These are the elements of the offense. There is no vagueness in this regard.

The remaining question concerns defendant's claim as to imprecision with respect to the meaning of the word "flight". As plaintiff argues, this statute presupposes the defendant's knowledge of the obligation of support, because of the previously entered order attendant to a decree of divorce or a modification thereof. As construed in *Ditton,* the statute requires neglect or refusal to pay prior to or at the time of leaving. The term "flight", read in context in the statute, means no more than leaving the state contemporaneously with or after refusing or neglecting to pay support, with knowledge of an obligation to do so. The term "flight", as understood by men of common intelligence, does not encompass the crossing of the state line where the leaving of the state is merely temporary or incident to one's occupation. If one leaves the state permanently or on a prolonged basis, doing so with the knowledge that an unfulfilled obligation of support exists by reason of neglect or refusal to pay, the flight requirement is satisfied. We cannot say this interpretation gives a trial court unfettered discretion to determine whether an offense has been committed. *People v Harbour, supra,* 558.

We refuse to reach defendant's hypothetical claim as it is irrelevant to a vagueness inquiry outside the First Amendment area. We believe defendant's conduct falls within the ambit of the statute as construed previously by *Ditton* and as construed further here. Defendant may not complain of lack of notice as to the conduct proscribed by the statute. *Howell, supra,* 23-25, *Harbour, supra,* 558.

Affirmed.