PEOPLE v GHOSH

Docket No. 128647. Submitted March 20, 1991, at Lansing. Decided April 16, 1991, at 9:10 A.M.

Subrata Ghosh pleaded guilty in the Oakland Circuit Court, Jessica R. Cooper, J., of refusing or neglecting to pay child support and of leaving the state in violation of MCL 750.165; MSA 28.362. The defendant appealed, claiming that § 165 was violative of the rights of equal protection and of travel.

The Court of Appeals *held:*

1. While MCL 750.165; MSA 28.362 refers to "husbands" and "fathers," MCL 750.10; MSA 28.200 provides that as used in the Penal Code, terms in the masculine gender, include the feminine gender. Thus, § 165 applies equally to males and females and is not violative of equal protection.

2. The state's interest in preventing a parent from avoiding an obligation of support for a child by leaving the state is sufficiently compelling to justify the restriction imposed by § 165 of a parent's right of travel.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Madelaine P. Lyda,* for the defendant on appeal.

Before: HOOD, P.J., and JANSEN and G. S. ALLEN,* JJ.

PER CURIAM. Defendant pled guilty of one count of failing to pay child support and of leaving the state, MCL 750.165; MSA 28.362. On April 26,

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

1990, defendant was sentenced to one year in the Oakland County Jail with the provision that he be released upon payment of $37,000 in child support payments. On appeal, defendant alleges that the felony nonsupport statute is unconstitutional and that it violates his equal protection rights and the right to travel. We disagree and affirm.

Initially, we note that defendant has not properly preserved this issue for appeal by failing to raise the issue at the trial court level. *People v Ditton,* 78 Mich App 610, 612; 261 NW2d 182 (1977). However, because of the serious due process implications of conviction under a constitutionally invalid statute, we hold that defendant's failure to raise the issue below does not preclude appellate review. *People v Gilliam,* 108 Mich App 695, 698; 310 NW2d 843 (1981).

Regarding defendant's claim that the statute abridges his constitutional guarantee of equal protection, we hold that the felony nonsupport statute applies equally to males and females and is not violative of equal protection. Defendant alleges that the statute violates the Equal Protection Clause in that, by its language, it applies only to "husbands" and "fathers." We disagree. Provisions under the Penal Code are controlled by MCL 750.10; MSA 28.200, which provides that the masculine gender includes the feminine gender as used in the Penal Code. On the basis of this statute and this Court's preference to construe statutes as constitutional, we hold that the felony nonsupport statute applies to both men and women. *Gilliam, supra* at 698-702. In so holding, we follow this Court's decision in *Gilliam* and decline to follow this Court's decision in *People v Lewis,* 107 Mich App 277; 309 NW2d 234 (1981), which held that the felony nonsupport statute is unconstitutional on equal protection grounds. We

note that the *Lewis* Court failed to consider the effect of MCL 750.10; MSA 28.200 on the constitutionality of the felony nonsupport statute.

Defendant also claims that the felony nonsupport statute is unconstitutional in that it restricts his right to travel. A statutory classification which is based on the exercise of the right to travel between states must be justified by compelling state interests. *Id.* at 282; *Memorial Hosp v Maricopa Co,* 415 US 250, 258; 94 S Ct 1076; 39 L Ed 2d 306 (1974). The felony nonsupport statute punishes a refusal to pay or a neglect of the duty to do so which occurred contemporaneously with or before a defendant's leaving the state. *Gilliam, supra* at 703-704. The focus of the statute is on the defendant's failure to pay support. The imposition of punishment for parents who leave the state after refusing to pay support is to ensure compliance with child support obligations. This statute prohibits a parent from avoiding his obligations to his child by leaving the state. We hold that this is a compelling state interest sufficient to justify any restriction of defendant's right to travel.

Affirmed.