PEOPLE v GEZELMAN (ON REHEARING)

Docket No. 151457. Submitted April 13, 1993, at Grand Rapids.
    Decided June 30, 1993. Submitted on rehearing August 3, 1993.
    Decided on rehearing October 19, 1993, at 9:00 A.M.

    Keith R. Gezelman pleaded guilty in the Allegan Circuit Court,
    George R. Corsiglia, J., of second-degree criminal sexual con-
    duct and child sexually abusive activity. He was sentenced to
    three to fifteen years' imprisonment for the former conviction
    and eight to twenty years' imprisonment for the latter. He
    appealed. The Court of Appeals, NEFF, P.J., and MACKENZIE
    and WEAVER, JJ., affirmed in an unpublished memorandum
    opinion, decided June 30, 1993 (Docket No. 151457). The Court
    of Appeals thereafter granted the defendant's motion for re-
    hearing.

        On rehearing, the Court of Appeals held:

        1. The eight-year minimum sentence for the child sexually
    abusive activity conviction does not violate the principle of
    proportionality.

        2. The defendant's failure to challenge at sentencing the
    accuracy of the information contained in the presentence re-
    port precludes appellate review of the issue.

        3. The child sexually abusive activity statute, MCL
    750.145c(1)(d),(2); MSA 28.342a(1)(d),(2), is not unconstitution-
    ally overbroad. The statute's definition of "erotic nudity" is
    narrowly drawn so that protected forms of free speech are not
    punished.

        Affirmed.

1. SENTENCES — PRESENTENCE INVESTIGATION REPORTS — APPEAL.

    Alleged inaccuracies in a presentence investigation report must
    be raised before or at the time of sentencing in order to
    preserve the issue for appellate review.

REFERENCES

Am Jur 2d, Appeal and Error §§ 553, 557; Constitutional Law
    §§ 460-463, 496 et seq., 507; Infants § 16.5; Trial §§ 395, 405, 406.
See ALR Index under Appeal and Error; Children; Constitutional
    Law; Sentence and Punishment; Sex and Sexual Matters.

2. CONSTITUTIONAL LAW — CHILD SEXUALLY ABUSIVE ACTIVITY —
    EROTIC NUDITY.

   The child sexually abusive activity statute is not unconstitution-
   ally overbroad; the statute's definition of "erotic nudity" is
   narrowly drawn so that protected forms of free speech are not
   punished (MCL 750.145c[1][d],[2]; MSA 28.342a[1][d],[2]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Andrew J. Marks,* Prose-
cuting Attorney, and *Douglas E. Ketchum,* Chief
Assistant Prosecutor, for the people.

State Appellate Defender (by *Anne Yantus*), for
the defendant on appeal.

### ON REHEARING

Before: NEFF, P.J., and MACKENZIE and WEAVER,
JJ.

PER CURIAM. Defendant pleaded guilty of second-
degree criminal sexual conduct, MCL 750.520c(1)
(a); MSA 28.788(3)(1)(a), and child sexually abusive
activity, MCL 750.145c(2); MSA 28.342a(2). He was
sentenced to three to fifteen years' imprisonment
for the former conviction and eight to twenty
years' imprisonment for the latter conviction. He
appeals as of right. We affirm. This case has been
decided without oral argument pursuant to MCR
7.214(E)(1)(b).

Given the circumstances of the offense and the
offender, we hold that defendant's eight-year mini-
mum sentence for his child sexually abusive activ-
ity conviction does not violate the principle of
proportionality. *People v Milbourn,* 435 Mich 630;
461 NW2d 1 (1990).

Defendant's failure to challenge the accuracy of
the information contained in the presentence re-
port at sentencing precludes appellate review of

this issue. *People v Sharp,* 192 Mich App 501, 503-504; 481 NW2d 773 (1992).

Likewise, defendant's failure to challenge the constitutionality of the child sexually abusive activity statute before the trial court also normally would preclude appellate review. See *People v Ghosh,* 188 Mich App 545, 546; 470 NW2d 497 (1991). However, because an important constitutional question is involved, we will review the issue. *Id.*

Defendant claims the child sexually abusive activity statute, MCL 750.145c(2); MSA 28.342a(2), is unconstitutional because it is overbroad. Specifically, he asserts that the statute's prohibition against "erotic nudity" involving children is overbroad because it could encompass protected forms of free speech, such as the innocent photograph of a nude child by its parents. We disagree. The statutory definition of erotic nudity does not encompass the depiction of all child nudity. Rather, it is narrowly defined to exclude those depictions that have a "primary literary, artistic, educational, political, or scientific value" and that do not appeal to the prurient interests in sex. MCL 750.145c(1)(d); MSA 28.342a(1)(d). Because the definition is narrowly drawn so that protected forms of free speech are not punished, the statute is not unconstitutionally overbroad. *New York v Ferber,* 458 US 747; 102 S Ct 3348; 73 L Ed 2d 1113 (1982); *Broadrick v Oklahoma,* 413 US 601; 93 S Ct 2908; 37 L Ed 2d 830 (1973).

Affirmed.