PEOPLE v HOTRUM

Docket No. 220693. Submitted November 7, 2000, at Grand Rapids. Decided December 26, 2000, at 9:55 A.M.

John C. Hotrum was bound over for trial in the Cass Circuit Court on charges of domestic violence (second offense) and cutting a telephone wire under the control of a telephone company. The defendant moved to quash the part of the information charging him with cutting a telephone wire, contending that he did not violate the statute that proscribes the cutting of a telephone wire when he allegedly ripped a telephone cord from a wall jack while arguing with his wife inside their residence inasmuch as telephone lines inside homes are controlled by homeowners, not the telephone company. The court, Susan L. Dobrich, J., granted the motion. The prosecution appealed by leave granted.

The Court of Appeals *held*:

The statute at issue, MCL 750.540; MSA 28.808, also makes it a crime to wilfully and maliciously prevent, obstruct, or delay by any means or contrivance whatsoever the sending, conveyance, or delivery in this state of any authorized communication by or through any telephone line under the control of any telephone company doing business in this state. The district court did not abuse its discretion in binding over the defendant for trial under MCL 750.540; MSA 28.808 in view of evidence indicating that the defendant, in ripping the telephone cord from the wall jack, sought to prevent his wife from telephoning the police during their domestic dispute.

Reversed and remanded for further proceedings.

CRIMINAL LAW — CUTTING, BREAKING, OR TAPPING TELEPHONE WIRES — PREVENTING, OBSTRUCTING, OR DELAYING TELEPHONE COMMUNICATIONS.

Ripping a telephone cord from a wall jack to prevent a person from making a telephone call constitutes a violation of the statute that makes it a crime to wilfully and maliciously prevent, obstruct, or delay by any means or contrivance whatsoever the sending, conveyance, or delivery in Michigan of any authorized communication by or through any telephone line under the control of any telephone company doing business in Michigan (MCL 750.540; MSA 28.808).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Scott L. Teter*, Prosecuting Attorney, and *Steven M. McLaughlin*, Assistant Prosecuting Attorney, for the people.

*Magyar & Swisher, P.C.* (by *John F. Magyar*), for the defendant.

Before: NEFF, P.J., and MURPHY and GRIFFIN, JJ.

NEFF, P.J. The prosecution appeals by leave granted an order of the circuit court granting defendant's motion to quash the information on a charge of cutting, breaking, or tapping telephone or telegraph wires, MCL 750.540; MSA 28.808. We reverse the circuit court's order and remand for further proceedings.

I

Defendant was charged in separate files with domestic violence, second offense, MCL 750.81(3); MSA 28.276(3), and cutting, breaking, or tapping telephone or telegraph wires, MCL 750.540; MSA 28.808. The evidence produced at the preliminary examination established that during a domestic altercation with the complainant, defendant's wife, at their residence, defendant ripped the telephone cord out of the wall, rendering the telephone inoperable and preventing the complainant from telephoning the police. Defendant was bound over for trial in both cases.

In the circuit court, defendant moved to quash the information charging him with violating MCL 750.540; MSA 28.808. That statute provides in pertinent part:

> Any person who shall wilfully and maliciously cut, break, tap or make any connection with, or read, or copy, by the use of telegraph or telephone instruments, or otherwise, in

any unauthorized manner, any message, either social or business, sporting, commercial or other news reports, from any telegraph or telephone line, wire or cable so unlawfully cut or tapped in this state; or make unauthorized use of the same, or who shall wilfully and maliciously prevent, obstruct or delay by any means or contrivance whatsoever the sending, conveyance or delivery, in this state, of any authorized communication, sporting, commercial or other news reports, by or through any telegraph or telephone line, cable or wire under the control of any telegraph or telephone company doing business in this state . . . shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years, or by a fine of not more than 1,000 dollars.

The circuit court granted defendant's motion to quash the information, finding no evidence that the telephone line in defendant's home was under the control of the telephone company and, thus, no evidence of conduct proscribed by the statute.

II

A circuit court's decision to quash an information is reviewed for abuse of discretion, to determine whether the district court abused its discretion in binding over a defendant. *People v Hamblin*, 224 Mich App 87, 91; 568 NW2d 339 (1997). However, where the decision presents a question of law, i.e., whether the alleged conduct falls within the statutory scope of a criminal law, our review is de novo. *People v Riggs*, 237 Mich App 584, 587; 604 NW2d 68 (1999); *Hamblin, supra.*

III

The prosecution argues that the circuit court erred in granting defendant's motion to quash on the basis

that defendant did not interfere with any telephone line under the control of the telephone company. The prosecution contends that defendant's action of ripping the telephone line from the wall jack prevented the complainant from telephoning the police through a line controlled by GTE, the telephone service provider. Thus, defendant prevented, obstructed, or delayed the sending of a communication over a telephone line controlled by a telephone company in violation of the statute. Defendant argues that the evidence "established only that the line under the control of the homeowner was harmed, not the lines under the control of the telephone company"; thus, there was no violation of the statute.

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Riggs, supra* at 588. Where the language is clear and unambiguous, the Legislature is presumed to have intended the meaning it expressed. *People v Venticinque*, 459 Mich 90, 99-100; 586 NW2d 732 (1998); *Riggs, supra*. If reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *People v Seeburger*, 225 Mich App 385, 392; 571 NW2d 724 (1997). In determining legislative intent, statutory language should be construed reasonably, keeping in mind the purpose of the statute. *Id.* at 391.

At issue is that portion of the statute that makes it unlawful for a person to

> wilfully and maliciously prevent, obstruct or delay by any means or contrivance whatsoever the sending, conveyance or delivery . . . of any authorized communication, . . . by or through any telegraph or telephone line, cable or wire under the control of any telegraph or telephone company doing business in this state. [MCL 750.540; MSA 28.808.]

In granting the motion to quash, the circuit court focused on the physical location of the telephone line and apparently concluded that in order to violate the statute, a person must obstruct or delay an authorized communication by physically damaging a wire outside a residence or building because telephone lines within a residence are controlled by the homeowner rather than the telephone company. We find this conclusion contrary to the plain language of the statute. The statute expressly prohibits using "any means or contrivance whatsoever" to obstruct or delay the sending of an authorized communication through a telephone line controlled by a telephone company. No language in the statute requires that the point of tampering be on a telephone line physically controlled by the telephone company.

The inclusion of the phrase "under the control of any telegraph or telephone company doing business in this state" excludes lines of privately owned systems from the scope of the statute. The complainant's testimony that GTE provided telephone service to the residence established that the telephone line was not privately owned and that the ability to use the line to make calls was controlled by GTE. Her testimony further established that defendant prevented her from placing a telephone call by tearing the telephone line from the wall of the residence. By virtue of defendant's actions, the complainant was unable to send an authorized communication over a telephone line controlled by a telephone company doing business in the state. The district court did not abuse its discretion in binding over defendant for trial; thus, the circuit court erred in granting defendant's motion to quash the information.

IV

Even if we were to conclude that reasonable minds could differ concerning the meaning of the statutory language, we would reach the same ultimate conclusion, i.e., that defendant's bindover was proper. Under the Penal Code, MCL 750.2; MSA 28.192, the rule that a penal statute is to be strictly construed does not apply: "[a]ll provisions of this act shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." In this instance, the statute does not seek to punish a person for physical damage to telephone equipment or lines.[1] Rather, the provision under which defendant was charged seeks to punish interference with "the sending, conveyance or delivery" of telephone and telegraph communications, which is exactly what defendant accomplished by pulling the telephone line out of the wall when his wife attempted to call the police.

Further, we do not find the homeowner's responsibility for telephone lines within the residence dispositive on this issue because such ownership and control has, at other times since the statute was enacted, been with the telephone and telegraph companies. See, e.g., *Couvelis v Michigan Bell Telephone Co*, 281 Mich 223, 225-226; 274 NW 771 (1937); *Mueller Furniture Co v Citizens Telephone Co*, 230 Mich 173, 175-176; 203 NW 129 (1924). The clear purpose of the statutory provision at issue is to prohibit interference with "the sending, conveyance or delivery" of telephone and telegraph communications. Allowing defendant to escape liability on the basis of his nar-

---

[1] Damage to such equipment is prohibited by MCL 484.6; MSA 22.1415.

row reading of the statutory language would not promote justice or effect the purpose of the statute. MCL 750.2; MSA 28.192; *People v Morris*, 450 Mich 316, 327; 537 NW2d 842 (1995).

Reversed and remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.